UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x
NATALIE DAVY,                       :
                                    :
       Plaintiff,                   :
                                    :          25-cv-8811 (JSR)
       -v-                          :
                                    :          ORDER
CANDY LADY SPA, INC., et al.,       :
                                    :
       Defendants.                  :
------------------------------------x

JED S. RAKOFF, U.S.D.J.:

On October 24, 2025, defendants AbbVie Inc., Zeltiq Aesthetics, Inc., and Allergan USA, Inc. (collectively, the "AbbVie Defendants") removed this action from the Supreme Court of New York, New York County, invoking 28 U.S.C. § 1441. See ECF No. 1. That statute provides, among other things, that a civil action may not be removed "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). In their Notice of Removal, the AbbVie Defendants acknowledged that co-defendants Candy Lady Spa, Inc., Eye Beauty Inc., and Baxter Street Development Co. LLC are citizens of New York but contended that plaintiff Natalie Davy had fraudulently joined these three co-defendants and, therefore, that the Court should strike them. See ECF No. 1 at 4-6. The AbbVie Defendants subsequently moved to dismiss Davy's complaint as against them. See ECF No. 15.

"The doctrine of fraudulent joinder allows the federal district court, in matters removed from state courts, to strike nondiverse

1

defendants who have no real connection with the dispute, or who have no real liability because there is no possibility of recovery against them." Tomaselli v. Zimmer, Inc., No. 14 Civ. 4474, 2015 WL 13888410, at *1 (S.D.N.Y. Mar. 23, 2015) (cleaned up). A defendant invoking the doctrine "must demonstrate, by clear and convincing evidence, . . . that there is no possibility, based on the pleadings, that a plaintiff can state a cause of action against the non-diverse defendant[s] in state court." Id. (cleaned up); see Pampillonia v. RJR Nabisco, Inc., 138 F.3d 457, 461 (2d Cir. 1998) ("The defendant seeking removal bears a heavy burden of proving fraudulent join[d]er, and all factual and legal issues must be resolved in favor of the plaintiff.").

Here, plaintiff has neither moved to remand this case to state court nor addressed the AbbVie Defendants' contentions regarding fraudulent joinder. See ECF No. 21 (plaintiff's opposition to AbbVie Defendants' motion to dismiss). Nor have any of the three non-diverse defendants appeared in this action, although plaintiff has provided affidavits of service of the summons and complaint, via the New York Secretary of State, on those three defendants. See ECF No. 20.

Because "failure of subject matter jurisdiction is not waivable" and "may be raised at any time . . . by the court sua sponte," e.g., Lyndonville Sav. Bank & Tr. Co. v. Lussier, 211 F.3d 697, 700 (2d Cir. 2000), the Court must consider the AbbVie Defendants' contentions regarding fraudulent joinder before reaching the merits of the AbbVie Defendants' motion to dismiss.

Accordingly, the Court hereby orders plaintiff to submit, no later than December 1, 2025, a letter brief not exceeding three single-spaced pages setting forth plaintiff's position on the AbbVie Defendants' contentions regarding fraudulent joinder. The AbbVie Defendants may respond, no later than December 5, 2025, in a letter brief of equal length. The Court further orders plaintiff to serve a copy of this Order on non-diverse defendants Candy Lady Spa, Inc., Eye Beauty Inc., and Baxter Street Development Co. LLC.

SO ORDERED.

New York, New York
November 24, 2025

JED S. RAKOFF, U.S.D.J.