UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
----------------------------------------x
NATALIE DAVY,                           :
                                        :
     Plaintiff,                         :
                                        :        25-cv-8811 (JSR)
          -v-                           :
                                        :        MEMORANDUM ORDER
CANDY LADY SPA, INC., et al.,           :
                                        :
     Defendants.                        :
----------------------------------------x
```

JED S. RAKOFF, U.S.D.J.:

On November 24, 2025, the Court ordered the parties to this action to submit supplemental briefing concerning the contention advanced by defendants AbbVie Inc., Zeltiq Aesthetics, Inc., and Allergan USA, Inc. (collectively, the "AbbVie Defendants") that plaintiff Natalie Davy had fraudulently joined co-defendants Candy Lady Spa, Inc., Eye Beauty Inc., and Baxter Street Development Co. LLC (collectively, the "nondiverse defendants") in order to defeat federal jurisdiction on grounds of diversity. See ECF No. 22. The Court solicited, and has now received and carefully considered, supplemental briefing from Davy and the AbbVie Defendants. See ECF Nos. 23, 27. Because the AbbVie Defendants have not carried their heavy burden to show that there is no realistic possibility that Davy can state a claim against the nondiverse defendants, the Court concludes that it lacks subject matter jurisdiction over this action and hereby remands it to the Supreme Court of New York, New York County.

1

The AbbVie Defendants removed this action from state court on October 24, 2025, invoking 28 U.S.C. § 1441. See ECF No. 1. That statute provides, among other things, that a civil action may not be removed "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). In their Notice of Removal, the AbbVie Defendants acknowledged that the nondiverse defendants are citizens of New York and that, therefore, removal would not ordinarily be proper. See ECF No. 1 at 4-6. The AbbVie Defendants contended, however, that Davy had fraudulently joined the nondiverse defendants and that the Court should strike them. See id. The AbbVie Defendants subsequently moved to dismiss Davy's complaint as against them, and that motion is now fully briefed. See ECF Nos. 15, 17, 21, 26.

Because "failure of subject matter jurisdiction is not waivable" and "may be raised at any time . . . by the court sua sponte," e.g., Lyndonville Sav. Bank & Tr. Co. v. Lussier, 211 F.3d 697, 700 (2d Cir. 2000), the Court determined that it must address the AbbVie Defendants' contentions regarding fraudulent joinder and, thereby, determine whether the Court has subject matter jurisdiction over this action before the Court could reach the merits of the AbbVie Defendants' motion to dismiss. See ECF No. 22 at 2.

"The doctrine of fraudulent joinder allows the federal district court, in matters removed from state courts, to strike nondiverse defendants who have no real connection with the dispute, or who have no real liability because there is no possibility of recovery against

them." <u>Tomaselli v. Zimmer, Inc.</u>, No. 14 Civ. 4474, 2015 WL 13888410, at *1 (S.D.N.Y. Mar. 23, 2015) (cleaned up). A defendant invoking the doctrine "must demonstrate, by clear and convincing evidence, . . . that there is no possibility, based on the pleadings, that a plaintiff can state a cause of action against the non-diverse defendant[s] in state court." <u>Pampillonia v. RJR Nabisco, Inc.</u>, 138 F.3d 457, 461 (2d Cir. 1998) (cleaned up); <u>see also</u> <u>id.</u> at 461 n.3 (observing that court deciding question of fraudulent joinder may inquire whether "plaintiff can establish <u>any</u> cause of action against a defendant" (emphasis added)). "The defendant seeking removal bears a heavy burden of proving fraudulent join[d]er, and all factual and legal issues must be resolved in favor of the plaintiff." <u>Id.</u> at 461.

Although Davy's operative complaint is not a model of clarity, it alleges that Davy was injured on July 6, 2023, when she underwent a procedure known as "CoolSculpting" at a location affiliated with defendant Candy Lady Spa, Inc. <u>See</u> ECF No. 1-3 ("Compl.") ¶¶ 62-68; ECF No. 23 at 1 & Ex. A. As the parties agree, CoolSculpting is a procedure performed by using a device that has been approved by the Food and Drug Administration "to target and freeze (thereby killing) fat cells under a patient's skin." ECF No. 27 at 1. Davy alleges that the procedure she underwent resulted in "severe bodily injuries, including burns to her abdomen, right and left flank," Compl. ¶ 105; that these injuries caused her severe pain and persistent bodily damage, <u>id.</u> ¶ 113; and that, as a result, she has incurred medical expenses and been rendered unable to perform her usual activities, <u>id.</u>

3

Davy's complaint asserts six causes of action, which sound in, among other things, breach of express and implied warranties, products liability (under design-defect, manufacturing-defect, and failure-to-warn theories), and negligence. See id. ¶¶ 106-136.

The AbbVie Defendants contend that Davy has fraudulently joined the nondiverse defendants because "there is no possibility . . . that she can state a cause of action" against them. ECF No. 27 at 2. This is because, the AbbVie Defendants reason, Davy has "only brought product-liability claims against all Defendants"; that the nondiverse defendants "do not 'manufacture, produce, or distribute'" the CoolSculpting device; and that New York law categorically prohibits a plaintiff from bringing products-liability claims against medical providers who use medical devices produced by others. Id. at 2-3. Davy responds both that she has properly stated products-liability claims against the nondiverse defendants and that she has also brought a claim of "regular negligence against all Defendants," including the nondiverse defendants. See ECF No. 23 at 2.

The Court concludes there is a "possibility, based on the pleadings," that Davy can state at least one claim against the nondiverse defendants. See Tomaselli, 2015 WL 13888410, at *1. The details will likely depend on the nature of the nondiverse defendants' business and the procedure that was performed on Davy, matters as to which there appear to be factual disputes.

On the one hand, if the evidence supports Davy's contention that at least one of the nondiverse defendants is a "beauty spa that

4

provided beauty services including CoolSculpting," ECF No. 23 at 2, New York courts have held such entities liable in both negligence and products liability where a beauty treatment injured a patron. E.g., Olsovi v. Salon DeBarney, 118 A.D.2d 839, 839-40 (2d Dep't 1986) (holding that "beauty parlor operator" may be held strictly liable "due to a defective product" and noting that plaintiff also stated negligence claim). In this scenario, Davy may be able to state some or all of her claims against the nondiverse defendants.

On the other hand, if the evidence supports the AbbVie Defendants' contention that the nondiverse defendants are "healthcare providers" that provided Davy with prescription medical treatment, ECF No. 27 at 3, New York law forecloses Davy from bringing products-liability claims against them. See, e.g., Weissman v. Dow Corning Corp., 892 F. Supp. 510, 517-18 (S.D.N.Y. 1995) (collecting New York cases holding that "medical care providers are not sellers for products liability purposes"). Davy may, however, be able to bring a claim for negligence or medical malpractice against the nondiverse defendants. See Rodriguez v. Saal, 43 A.D.3d 272, 274-76 (1st Dep't 2007) (explaining "subtle" distinction between negligence and medical malpractice). To be sure, as the AbbVie Defendants point out, Davy's inartfully pleaded complaint refers only in passing to claims sounding in anything other than products liability. See ECF No. 27 at 3 (citing Compl. ¶ 129).[1]

---

[1] Although the parties focus on paragraph 129 of the operative complaint, see ECF No. 23 at 2; ECF No. 27 at 3, other paragraphs also gesture, however briefly, to theories of liability that sound in negligence, see Compl. ¶¶ 132, 135. Moreover, the AbbVie Defendants

Those passing references, however, show that there is at least a "mere possibility" that Davy "can establish any cause of action against a defendant." Pampillonia, 138 F.3d at 461 & n.3 (quoting Sonnenblick-Goldman Co. v. ITT Corp., 912 F. Supp. 85, 88 (S.D.N.Y. 1996), and collecting cases).

Accordingly, construing all the "factual and legal issues" presented by this case in Davy's favor, the Court concludes that the AbbVie Defendants have not carried their "heavy burden" of proving "by clear and convincing evidence" that the nondiverse defendants have been fraudulently joined. See id., 138 F.3d at 461. As a result, this Court lacks subject matter jurisdiction because several "parties in interest properly joined and served as defendants" are citizens of New York. See 28 U.S.C. § 1441(b)(2).[2]

The Clerk of Court is respectfully directed to close this case and remand it to the Supreme Court of New York, New York County.

SO ORDERED.

New York, New York
December 11 , 2025

JED S. RAKOFF, U.S.D.J.

---

do not argue that New York law forecloses Davy from bringing negligence claims against the nondiverse defendants.

[2] The AbbVie Defendants note that Davy "did not move to remand, nor did she timely move to amend her already-amended Complaint." ECF No. 27 at 1. While Davy was required to move to remand "on the basis of any defect other than lack of subject matter jurisdiction within 30 days after the filing of the notice of removal," see 28 U.S.C. § 1447(c), her failure not to so move is of no moment. Remand is necessary because this Court lacks subject matter jurisdiction, an issue as to which the Court may act on its own motion. E.g., Wis. Dep't of Corrs. v. Schacht, 524 U.S. 381, 388-89 (1998).